# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CASIUS EUGENE CHILDRESS, # 229261,

        Plaintiff,

v.                                              Case No. 10-cv-13946
                                              Honorable George Caram Steeh

PATRICIA CARUSO, et.al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    INTRODUCTION**

      This is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Casius Eugene Childress, currently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed this *pro se* Complaint asserting that he was denied access to file his legal mail or that his legal mail was not filed properly. He alleges that the incidents took place at the G. Robert Cotton Correctional Facility in Jackson, and at the Earnest C. Brooks Correctional Facility in Muskegon Heights. He names the following as Defendants: (1) Patricia Caruso, Director of the Michigan Department of Corrections, (2) Sherry Burt, Warden of the G. Robert Cotton Correctional Facility, (3) Mary K. Berghuis, Warden of the Earnest C. Brooks Correctional Facility, (4) Nancy Rudd, Assistant Resident Unit Supervisor at the G. Robert Cotton Correctional Facility, (5) Randee Rewerts, Facility Manager at the G. Robert Cotton Correctional Facility, and (6) J. Barrett, Deputy Warden of the G. Robert Cotton Correctional Facility. He is seeking, among other things, monetary damages. The Court has granted Childress leave to proceed *in forma pauperis* and to pay the initial partial filing fee when funds are available. For the reasons stated, the Court will dismiss his

Complaint for failure to state a claim upon which relief can be granted.

## II. BACKGROUND

Childress alleges that, on November 21, 2006, he filled out an "Expedited Legal Mail" disbursement authorization form in the presence of Defendant Rudd. On December 7, 2006, he was transferred to the Earnest C. Brooks Correctional Facility. On September 10, 2007, he wrote a letter to the Court, requesting a docket entry to check for confirmation regarding his habeas petition. At that time, it showed that the last entry was on December 30, 2002. His habeas petition was dismissed without prejudice for failure to exhaust his state-court remedies. As a result, Childless alleges that he has been harmed.

## III. DISCUSSION

### A. Standard of Review

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court must read Childress's *pro se* Complaint under "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972),

and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton*, 504 U.S. at 33.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard afforded Childress in this case, the Court finds that his claims against Defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**B.     Interference With Legal Mail**

In his Complaint, Childless sues Defendants because he alleges that they somehow interfered with the mailing of his legal mail, specifically his habeas petition.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, e.g., a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted).

To prevail on a § 1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis*, 518 U.S. at 351. This can be established by showing that the deprivation resulted in "the late filing

3

of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Childress appears to allege that his ability to pursue a habeas-corpus application was prejudiced by Defendants' conduct. *See Lewis*, 518 U.S. at 355. However, Childress does not explain how he was prejudiced. Rather, Childress's conclusory allegations that Defendants violated his right of access to the courts, without any specific claim that injury resulted, is insufficient to sustain a claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) ("Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim."); *McCurtis v. Wood*, 76 F.App'x 632 (6th Cir. 2003) (dismissing prisoner's access to the court's claim as conclusory where prisoner failed "to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims"). Childress's claims are therefore dismissed. His habeas petition was filed with the Court but was dismissed because he failed to exhaust his state-court remedies. Childless could have, and may have, filed a post-conviction motion with the state trial court. He then could have filed state court appeals from that decision, if the trial court ruled against him. It does not appear that Childress pursued his claims.

Against that backdrop, Childress's Complaint under § 1983 fails to state a claim.

IV. **CONCLUSION**

For the reasons stated, **IT IS ORDERED** that Childress's Complaint against all Defendants is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b);

**IT IS FURTHER ORDERED** that any appeal taken by Childress would not be done in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

**IT IS SO ORDERED**.

Dated:  December 1, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 1, 2010, by electronic and/or ordinary mail and also to Casius Childress #229261, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

S/Josephine Chaffee
Deputy Clerk